The bill filed in this case was for the specific execution of a written agreement, entered into by R. Ellis with *161 file agent of Wm. Rugge, on the 10th August, 1785, by which lie contracted, in consideration of 3000/,. to convey two tracts of land, called the old and new quarter house, on Charleston neck; the former containing thirty-eight and a half acres, and the latter one hundred and fifty acres; hounded in the manner described in the agreement;, and intended to comprize all the land known by the names of the old and hew quarter-house, which Ellis had bought ef John Creighton. Ellis was to keep possession till the 1st of January ensuing, and to pay a shilling rent, and then deliver quiet possession to Rugge.
Court refu sed to decree specific exe-entionof contract, in a hard case, and where the other party had not complied with terms.
The agent of Rugge on his part, by <1 counter agreement'of the same date, (10th August, 1785,) agreed to pay and secure the consideration of 3000/.. as follows: To assign a bond of Ik Butler to said R. Ellis, on which there was then due 1350/. a note of D. J. Greene of 50Ok amito mortgage, the new quarter house tract for the balance of 1150Í. of said purchase money.
The complainant charges that tile bond of Ik Butler1 was assigned and delivered to Ellis; and complainant has requested of defendant the completion of the said contract, the execution of good titles, and the delivery of the possession to complainant. But defendant has always refused ft) comply with his agreement, under pretence that the bond of Ik Butler was partly paid oft; though the fact ivas not so, and complainant has urged defendant to bring suit to try that question, but defendant has neglected to do so. And complainant offered to perform his other stipulations whenever the defendant would execute titles: That defendant keeps possession of the property, and has committed waste thereon, in the. buildings and woods, and refuses to deliver possession to complainant, or to execute, titles”. The, complainant further charges that Ije. has discovered that the, new quarter house tract, does not contain one hundred and fifty acres, as contracted for, hut only sixty acres; notwithstanding which the complainant oftered to comply with the contract on his part, whe.nei rr the defendant would execute titles, only deducting for the deficiency, In a rateable proportion, and making compensation for the damages done by defendant to the premises. The bill *162 prays that the defendant may he decreed to execute titles, for tjlc said two tracts of land, and to deliver possession thereof to complainant, and to make a deduction from the purchase money in a rateable proportion for the deficicn-Cy 0f ninety acres; and to account for the rents and profits, and to make compensation for the damages done.
The defendant Ellis, in his answer, admitted the contract as stated by the bill. He admits that in pursuance of the agreement, the bond of P. Butler ivas delivered to him, the note of D. J. Green tendered him, and the mortgage of the land offered him: But he says that P. Butler refused to pay the bond, when payment was demanded, alleging that he had made a large payment thereon, for which he was entitled to credit, which defendant believes was true: That however, he put the bond in the hands of an attorney for suit, but judgment hath not yet been obtained on it — With respect to D. J. Green’s note, he gave notice to defendant that he had paid it olf wholly — Defendant submitted 1ns case to the court, hoping that as complainant had not paid him a shilling for the purchased premises, that he (defendant) may be either released from the contract, or secured in his possession till the sums alleged by complainant to be due on the bond and note, shall be ascertained to be really due; in which case he will readily comply with his contract. — Defendant admits that there is not the quantity of one hundred and fifty acres within the lines of the tract called the new quarter house; hut he denies that he intended to deceive the complainant, or that he knew the quantity to be less, previous to the sale: That when he left Charleston to join the American army, he delivered to the care of James Ruggc all his titles and papers respecting one of the quarter tracts: That the papers relating to the other tract were lost diming the war; but that James Ruggc, (the agent of William Rugge, in the contract with defendant,) was as well acquainted with the lines as the defendant: That the sale was not made with a view to any particular quantity, but to comprize all that defendant had purchased from Creighton; and defendant desired Rugge to satisfy himself at the register’s office, as to the quantity and boun- *163 darles of the land, which he informed defendant lie had done. Under these circumstances the defendant thinks it would be an extreme hardship if he were compelled to make any deduction from the price, for any deficiency in the land. Defendant denies waste, farther than the cutting down timber for the supply of his house-hold in firewood.
Read and Pringle for complainant. — E. Rutledge and general Pinckney for defendant.
The cause came on to a hearing in December’, 1788. No trace of the argument is preserved; hut chancellor Mathews remarks, on the back of his brief, “ xhat the coui't refused to carry the agreement into execution — for he who seeks equity must do equity; and as defendant offered to annul the agreement, if the complainant was not satisfied with the land as it was, the court thought it a reasonable and an equitable offer; for to compel the defendant to abate pro rata, for the deficiency, would he such a reduction of the price, as would hear too hard on him; especially too as Butler’s bond had been partly paid before the assignment to the defendant; and Green’s note ivas entirely paid.”
It was therefore ordered and decreed, that the bill he dismissed, each party to pay his own costs.